**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN CUTILLO** | : | |
| **and INFINITY HEALTH LLC** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 5:21-CV-02787-JMG** |
| | : | |
| **DAVID CUTILLO and** | : | |
| **INFINITY HEALTH ADVISORS LLC** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
## COUNTERCLAIM TO AMENDED COMPLAINT

Defendants, David Cutillo ("Mr. Cutillo") and Infinity Health Advisors LLC (individually "IHA" and collectively with Mr. Cutillo the "Defendants"), by and  through their undersigned counsel, hereby submit this Answer, Affirmative Defenses and Counterclaim to the  Amended Complaint of Plaintiffs, Dawn Cutillo ("Ms. Cutillo") and Infinity Health LLC (individually "IH" and collectively with Ms. Cutillo the "Plaintiffs").  Unless specifically admitted, Defendants deny each of the allegations of Plaintiffs' Amended Complaint.  Furthermore, Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); the arguments and denials set forth in that Motion are incorporated herein by reference.

### PARTIES, JURISDICTION AND VENUE[1]

1.      Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.

---

[1] For the Court's convenience, Defendants have included the headings and subheadings that appear in the Amended Complaint.  To the extent any headings or subheadings constitute or include allegations, Defendants deny all such allegations.

2.      Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.

3.      Admitted.

4.      Admitted.

5.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are specifically denied.

6.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are specifically denied.

## FACTUAL BACKGROUND

### A.      **Defendants' Infringement of Ms. Cutillo's Copyrighted Works**

7.       Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.

8.       Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

9.      Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.   Any of Plaintiffs' characterizations thereof are expressly denied.

10.     Admitted.

11.     Admitted.

12.     Admitted in part; denied in part.  It is admitted that Ms. Cutillo agreed that Mr. Cutillo would be IHA's majority member and manager and that Ms. Cutillo and Mr. Cutillo entered an Exclusive Master Distributor Agreement. The remaining allegations in this paragraph are denied as stated.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves. Any of Plaintiffs' characterizations thereof are expressly denied. In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

13.     Denied.

14.     Admitted in part; denied in part.  It is admitted only that Ms. Cutillo and Mr. Cutillo entered into an Operating Agreement with respect to IHA.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.

15.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.

16.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

17.     [NO SUCH PARAGRAPH EXISTS IN THE AMENDED COMPLAINT]

18.     [NO SUCH PARAGRAPH EXISTS  IN THE AMENDED COMPLAINT]

19.     [NO SUCH PARAGRAPH EXISTS IN THE AMENDED COMPLAINT]

20.     [NO SUCH PARAGRAPH EXISTS IN THE AMENDED COMPLAINT]

21.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

22.     Denied.

23.     Denied.  It is specifically denied that Defendants have violated or expressed an intention to violate the preliminary injunction entered by the parties' in this case or to otherwise infringe Ms. Cutillo's purported copyrights.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

### B.     Mr. Cutillo's Misconduct in Connection with IHA's Operations

24.     Admitted in part; denied in part. It is admitted only that the Operating Agreement includes a paragraph 5.01(b), which is in writing and speaks for itself.   Any of Plaintiffs' characterizations thereof are expressly denied.

25.     Admitted in part; denied in part. It is admitted only that the License Agreement contains a paragraph 9, which is in writing and speaks for itself.   Any of Plaintiffs' characterizations thereof are expressly denied.

26.     Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.

27.      Denied. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and, therefore, deny the allegations.  It is also specifically denied that Mr. Cutillo made a "false" representation regarding his capital contribution.

28.     Denied.

29.     Denied.  The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.  The "specific acts of misconduct" articulated in paragraphs 29(a) – (o) are also specifically denied.

### C.     Defendants' Illegal Interference with IH's Operations

30.     Admitted.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

**COUNT ONE – DAWN CUTILLO V. DAVID CUTILLO AND INFINITY HEALTH**
**ADVISORS LLC**
**COPYRIGHT INFRINGEMENT**

36.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

37.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required.  To the extent a response is required, the averments are specifically denied.

38.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required.  To the extent a response is required, the averments are specifically denied.

39.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

40.     Denied.  Furthermore, the averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

41.     Denied.  Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

42.      Denied.  Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

43.     Denied.  Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

44.     Denied.  Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## COUNT TWO- DAWN CUTILLO AND INFINITY HEALTH LLC V. DAVID CUTILLO
## BREACH OF FIDUCIARY DUTY

45.      Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

46.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

47.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

48.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

49.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate

## COUNT THREE- DAWN CUTILLO AND INFINITY HEALTH LLC V. DAVID CUTILLO
## VIOLATIONS OF PENNSYLVANIA UNIFORM LIMITED LIABILITY COMPANY LAW OF 2016

50.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

51.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

52.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

53.      Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

54.     Denied.   Furthermore, the averments in this paragraph can be interpreted to constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## COUNT FOUR – DAWN CUTILLO AND INFINITY HEALTH V. DAVID CUTILLO FOR DISSOCIATION PURSUANT TO THE PENNSYLVANIA LIMITED LIABILITY COMPANY LAW

55.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

56.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

57.      Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

58.     Denied.  The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

59.     Denied.  The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## COUNT FIVE- DAWN CUTILLO AND INFINITY HEALTH LLC V. DAVID CUTILLO FOR DISSOLUTION PURSUANT TO THE PENNSYLVANIA LIMITED LIABILITY COMPANY LAW

60.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

61.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

62.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

63.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

64.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## COUNT SIX- DAWN CUTILLO AND INFINITY HEALTH LLC V DAVID CUTILLO RECESSION FOR FRAUDULENT INDUCEMENT

65.    Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

66.    Denied.  Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

67.    Denied.  Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

68.    Denied.  Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## COUNT SEVEN- INFINITY HEALTH LLC V. INFINITY HEALTH ADVISORS LLC BREACH OF CONTRACT

69.    Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

70.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

71.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

72.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

73.     Denied. The averments in this paragraph reference materials which are in writing and speak for themselves.  Any of Plaintiffs' characterizations thereof are expressly denied.  In addition, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

74.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

**COUNT EIGHT- INFINITY HEALTH LLC V. DAVID CUTILLO AND INFINITY HEALTH ADVISORS LLC**
**VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT**

75.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

76.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

77.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

78.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

**COUNT NINE- DAWN CUTILLO V. INFINITY HEALTH ADVISORS LLC**
**ACCOUNTING**

79.     Defendants hereby incorporate their responses to the foregoing paragraphs herein by reference.

80.     Admitted.

81.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

82.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

83.     Denied. Furthermore, the averments in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are specifically denied.

WHEREFORE, Defendants respectfully requests that this honorable Court enter judgment in their favor and against Plaintiffs, together with fees, costs and any other further relief that this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim for which relief maybe granted

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### THIRD DEFENSE

Plaintiffs' claims are barred because of unclean hands.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitation and/or repose.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by a lack of actual injury or harm.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by its failure to mitigate damages.

### NINTH DEFENSE

Plaintiffs' Complaint is improper and does not comply with Court rules.

### TENTH DEFENSE

Ms. Cutillo's copyright registration is invalid and was procured by fraud.

### ELEVENTH DEFENSE

Ms. Cutillo's copyright registration does not allow her to sue Defendants for infringement of the individual materials comprising the Works.

### TWELFTH DEFENSE

Plaintiffs' claims are barred for the reasons set forth in Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

### IHA'S COUNTERCLAIMS

Defendant-Counterclaim Plaintiff, Infinity Health Advisors, LLC ("IHA"), by and through its undersigned counsel, hereby files its counterclaims against Plaintiffs-Counterclaim Defendants Infinity Health, LLC ("IH") and Dawn Cutillo (individually "Ms. Cutillo" and collectively with IH the "Counterclaim Defendants") and states as follows:

### THE PARTIES

1.      Counterclaim Plaintiff IHA is a Pennsylvania Limited Liability Company with a principal place of business at 485 Royer Drive, Lancaster Pennsylvania 17601.

2.      Counterclaim Defendant Ms. Cutillo is an individual domiciled at 147 Cornerstone Way, Ephrata, PA 17522.

3.      Counterclaim Defendant IH is a Pennsylvania Limited Liability Company with a principal place of business at 484 Royer Drive, Lancaster Pennsylvania, 17601.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over IHA's Counterclaims under 28 U.S.C. § 1367(a) because they are so related to the Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.  Furthermore, the Court has subject matter jurisdiction over IHA's claim under the United States Copyright Act, 17 U.S.C. Section 101, *et seq.*

5.      The Court has personal jurisdiction over Counterclaim Defendants, and venue is appropriate in this Court, because all parties are present within this district, and the transactions and occurrences giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

6.      Ms. Cutillo and David Cutillo ("Mr. Cutillo") are brother and sister.

7.      Back in 2009 or 2010, Ms. Cutillo, operating commercially under IH, a company for which she serves as the sole member, began assembling a program of natural hormone therapy which comprises various methodologies and systems.

8.      In 2013, Mr. Cutillo approached Ms. Cutillo regarding the possibility of creating a franchise business centered on these natural hormone balancing methodologies.

9.      Ms. Cutillo was eager to take advantage of Mr. Cutillo's more than 30 years of experience in sales and sales management, as well as a history of successful business ventures.

10.     In or around 2013, Mr. Cutillo and Ms. Cutillo formed IHA to pursue the franchise business, which they named "BeBalanced."  A Certificate of Organization of IHA was filed with the Pennsylvania Department of State on or about May 2, 2013.

11.     On July 6, 2015, Ms. Cutillo assigned to IHA in full her "Method for Metabolic Correction" referenced in Counterclaim paragraphs 7 and 8 above.  *See* Patent Assignment and Patent Application listing IHA as "Applicant," attached hereto as **Exhibit "A."**  To be clear, it is IHA and not Ms. Cutillo that now owns and has complete, unfettered control over the complete methodology currently in use by IHA and the IHA franchisees.

12.     Mr. Cutillo, Ms. Cutillo, and IH executed an Operating Agreement with respect to IHA on February 19, 2018.

13.     IHA is manager-managed, and Mr. Cutillo is the sole manager.

14.     Mr. Cutillo is also CEO of IHA and majority member, owning 80% of the membership interests in IHA.

15.     Ms. Cutillo and IH are minority members of IHA, owning 15% and 5% respectively.

16.     The purpose of the IHA is to develop and franchise the BeBalanced weight loss program.

17.     Since its inception, IHA has operated the day-to-day BeBalanced franchisor business.

18.     Specifically, IHA now guides and oversees 25 franchise locations in seven states that administer the BeBalanced weight loss program.

19.     IHA Distribution, LLC ("IHA Distribution") is the sister company to IHA and was formed in or around 2015 as the distribution arm of IHA.

20.     The organizational structure of IHA Distribution is near identical to that of IHA in that it is comprised of the same three members, Mr. Cutillo, Ms. Cutillo, and IH.  Mr. Cutillo, Ms. Cutillo, and IH executed an Operating Agreement for IHA Distribution on or about February 19, 2018.  Per the Operating Agreement, Mr. Cutillo is the manager, CEO, and majority owner, holding 80% of the company's membership interests.  Just like in IHA, Ms. Cutillo and IH are minority members, and respectively hold 15% and 5% of IHA Distribution's membership interests.

## A.     The License Agreement

21.     In 2017, IH, IHA, and IHA Distribution executed an Exclusive Master Distributor and License Agreement (the "License Agreement").  A true and correct copy of the License Agreement is attached hereto as **Exhibit "B."**

22.     Ms. Cutillo signed the License Agreement on IH's behalf.  *See,* Exhibit B at p. 7.

23.     Per the License Agreement, IH, as owner of the Becoming Balanced hormone weight loss system—which consists of products and various written handouts and other printed materials—granted IHA the exclusive right to use and administer the system.

24.     More specifically, the express terms of the License Agreement provide as follows:

> [IH] hereby grants to [IHA] the perpetual, ***exclusive***, royalty-free right to use the System in order to continue managing and operating a franchise system for the establishment of franchised BeBalanced centers that offer Products and Services, in the manner determined by [IHA] . . .

License Agreement at § 1(c) (emphasis added).

25.     System is defined as the "Becoming Balanced hormone weight loss system[.]  *Id.* at ¶ A.

26.      The  Products" are defined as "hormone metabolic correction products."  *Id.*

27.     Accordingly, the License Agreement unequivocally provides IHA with the exclusive right to use and administer the System and Products in connection with the BeBalanced franchisees.

28.     IHA Distribution was granted the exclusive right to distribute the Products to IH and IHA's franchisees.  *Id.* at § 1(a).  In exchange, IH and IHA's franchisees are required to exclusively purchase the Products from IHA Distribution.  *Id.*

29.     The License Agreement further provides that neither IH nor IHA Distribution may "sell or distribute Products to jobbers, wholesalers, distributors, retail stores, merchants, or any other parties other than those permitted by [IHA] in writing."  *Id.* at § 4(b).

30.     Further, IHA Distribution agreed that it would not, without IHA's prior written consent, sell the Products to anyone other than IH, IHA, and IHA's franchisees.

31.     As consideration for IH's initial and ongoing contributions to the System and Products, IHA Distribution agreed to (1) sell IH the Products at the same price IH sells the Products to IHA's franchisees, and thereafter provide a monthly rebate to IH in the amount equal to the margins earned by IH, such that IH is essentially purchasing the Products at IHA Distribution's costs and (2) pay IH a monthly royalty in an amount equal to 50% of the amount received by IHA distribution from IHA's franchisees, less all of IHA Distribution's costs, up to a maximum of $150,000 per year (the "Royalties").  *Id.* at § 3.

32.     Upon information and belief, IHA Distribution has fully performed its obligation by paying the Royalties to IH.

33.     Furthermore, as consideration for its exclusive right to use and administer the System—which, again, includes the Products and various written materials—IHA agreed to pay IH $50,000 per year for 20 years, to be paid in the event that the combined adjusted net income of

both IHA and IHA Distribution is greater than $1,000,000 for the year in question.  *See,* Exhibit B (the License Agreement) at § 7(a).

34.     Needless to say, through the License Agreement, IHA bargained for a competitive advantage in the marketplace that arose from its status as the exclusive user and provider of the System and associated Services and Products.

**B.     Ms. Cutillo's Tortious Interference With IHA's Current And Prospective Contractual Relationships**

35.     Sometime after the License Agreement was executed on February 18, 2017, Ms. Cutillo began to interfere with the agreement between IH, IHA Distribution, and IHA by engaging in a side business selling and/or otherwise distributing the written materials and Products comprising the System to third parties, including competitors, without IHA's written consent and in direct breach of IH's obligations under the License Agreement.

36.     It is believed that Ms. Cutillo sold and/or otherwise distributed to third parties the written materials and Products comprising the System individually and also through IH.

37.     For example, Mr. Cutillo and IHA learned from one of IHA's suppliers that, in or around October of 2020, Ms. Cutillo requested from the supplier a particular Product, a natural hormone cream, without the BeBalanced packaging.

38.     Although that natural hormone cream is a Product, and therefore subject to the License Agreement, by requesting the cream without the BeBalanced packaging, Ms. Cutillo clearly intended to sell the Product to a third party in violation of the License Agreement.

39.     Mr. Cutillo, on behalf of IHA, immediately demanded that Ms. Cutillo/IH cease selling the Products in violation of the License Agreement.

40.     Despite Mr. Cutillo's pleas, Ms. Cutillo did not stop until January 2021, when she finally notified the supplier that she could no longer sell the natural hormone cream.

41.     Egregiously, however, it was around that time that Mr. Cutillo and IHA learned that Ms. Cutillo and IH were actually selling and/or otherwise distributing to suppliers, vendors, and competitors printed materials that comprise part of the System, including general hormone questionnaires, protocols, and informational and fact sheets, as well as Products that also fall within the parameters of the System under the License Agreement.  Again, pursuant to the License Agreement, it is IHA who has "the perpetual, ***exclusive***, royalty-free right to use the System."

42.     By selling and/or otherwise distributing the System and Products, Ms. Cutillo has directly interfered with IH's contractual obligations to IHA.

43.     Further, IH is in direct breach of the License Agreement.

44.     As a result of Ms. Cutillo and IH's side business, they have endeavored to strip IHA of its competitive advantage in the marketplace that arose from its status as exclusive users of the System.

45.     In this way, Ms. Cutillo and IH's conduct has also interfered with and continues to interfere with IHA's contracts with current franchisees and prospective franchisees.

46.     Ms. Cutillo and IH did not share any profits earned in connection with the side business, and they have been unjustly enriched.

47.     Further, Ms. Cutillo and IH usurped countless corporate opportunities of IHA Distribution and IHA by selling the written materials and Products comprising the System to third parties in violation of the License Agreement.

48.     For example, in or around January 2021, Ms. Cutillo contacted at least two of IHA's Suppliers, requesting that they make essentially the same products as the BeBalanced Products so she could sell the new products to the BeBalanced franchisees outside of the IHA organization. Ms. Cutillo's goal was clear – she wanted to cut IHA out for her own personal gain.

49.     By virtue of her role as a Member of IHA, as sole Member of IH (and signatory on the Operating Agreement), and owner of a BeBalanced location, Ms. Cutillo knew and indeed intended the detrimental and materially adverse effect her conduct would have on IHA.  Indeed, Ms. Cutillo knew that she was enriching herself to the exclusion of IHA.  She also knew that her conduct would destroy the competitive advantage over the market IHA obtained vis-a-vis its exclusive right to use and administer the System and Products in connection with the BeBalanced Franchisees.  All the while, Ms. Cutillo continued to accept payment of the Royalties on IH's behalf.

50.     By pursuit of her side business, Ms. Cutillo intends to exploit the information she acquired by virtue of her interest as a member of IHA and IHA Distribution to deal with vendors, suppliers, competitors, and even IHA franchisees to sell and or otherwise distribute the System and Products directly, to the exclusion of IHA.

51.     Accordingly, Ms. Cutillo and IH should be expelled as members of IHA pursuant to 15 Pa. C.S.A § 8861(6).

52.     Moreover, IH is in breach of the contractual obligation of good faith and fair dealing as set forth in 15 Pa. C.S.A. § 8849.1(d).

53.     As a result of Ms. Cutillo's and IH's aforementioned conduct, it is no longer practicable for the IHA to continue to carry on the activities and affairs with IH and Ms. Cutillo as members.

## C.     Ms. Cutillo's Fraudulent Procurement Of A Copyright Registration In Order To File A Frivolous Lawsuit Against Defendants

54.     On June 4, 2021, in an effort to position herself to file the vindictive and wholly meritless copyright claims against Mr. Cutillo and IHA in the instant lawsuit, Ms. Cutillo submitted to the U.S. Copyright Office an application to register an amalgamation of roughly ten

discrete educational, informational, and marketing materials which had each been previously published (individually) and used by IHA and the BeBalanced franchisees (hereinafter, the "Deposit," attached hereto as **Exhibit "C"**).

55.     Ms. Cutillo batched these discrete materials together in an ostensibly random order in the Deposit and labeled them a "Collective Work" in her Copyright Office application.

56.     She also represented to the Copyright Office in connection with her application that she was the sole owner and author of all of the individual materials comprising the Deposit, with the exception of the graphics and one article.  *See* correspondence attached hereto as **Exhibit "D"**, at p. 7.

57.     This was a knowingly false statement, intended to fraudulently induce the Copyright Office to issue a registration.  In reality, it was IHA (and its officers, employees, and agents) who had authored, in whole or in part, and therefore owns, in whole or in part, many of the individual materials comprising the Deposit.  IHA never assigned or licensed any of its rights to Ms. Cutillo; nor has it granted her the right to register them with the Copyright Office in any form.

58.     For example, Ms. Cutillo played absolutely no role in the creation of—and did not once put pen to paper with respect to—the appointment training materials at pages 47-97 of the Deposit.  *See* Ex. D.  These materials were authored by Mr. Cutillo, with the assistance of his wife, Jennifer Cutillo, an employee of IHA.  Under the work made for hire doctrine, the copyright ownership vested in Defendant IHA and not Ms. Cutillo or her company, IH.  Again, neither Ms. Cutillo nor IH authored or own anything on pages 47-97 of the Deposit.

59.     With respect to the materials contained on the remaining pages of the Deposit— i.e., hormone training materials (pp. 1-46), the "Leaky Gut Manual" (pp. 98-125), the "Leaky Gut

System-Based Assessment" (pp. 126-27), "Becoming Balanced" program paperwork (pp. 128-36), the "BeVivacious" Ebook (pp. 137-58), the sales presentation (pp. 159-73), the "New Client Profile for MEN" (pp. 174-75), the "New Client Profile for WOMEN" (pp. 176-77), and the "BeBalanced Supplement Support Sheet" (pp. 178-80)—Mr. Cutillo and/or employees of IHA played a significant role in their creation and authorship, and they were fully authorized to do so. They are therefore joint owners of these materials as well.  *See* Ex. D.

60.     As a result of Ms. Cutillo's fraudulent claim of <u>sole</u> ownership of nearly all underlying materials comprising the Deposit (including but not limited to the materials solely owned by IHA), Ms. Cutillo's application matured into Copyright Registration No. TX 8-971-466 (the "'466 Registration") on June 10, 2021.  *See* Registration Certificate at **Exhibit "E"** hereto. The '466 Registration lists Ms. Cutillo as the sole author of the associated work.

61.     The fraudulently procured '466 Registration serves as the basis for Ms. Cutillo's frivolous copyright infringement claim against Mr. Cutillo and IHA in the instant suit—specifically, that Mr. Cutillo and IHA have somehow infringed the individual materials comprising the Deposit, many of which belong to IHA (and not Ms. Cutillo) in the first place.

## COUNT I
## TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE
## CONTRACTUAL RELATIONS
## (IHA V. MS. CUTILLO)

62.      Counterclaim Plaintiff incorporates herein by reference Counterclaim paragraphs 1 - 53 as if set forth in full herein.

63.     IH granted IHA an exclusive License to use the System and Products.

64.     In reliance on the exclusive License, IHA entered into franchise agreements with franchisees who believed they were joining a limited and exclusive network of weight loss centers administering the BeBalanced System and Products provided to them by IHA.

65.     Sometime after the License Agreement was executed on February 18, 2017, Ms. Cutillo began to interfere with the contracts between IH and IHA, and IHA and its franchisees, by selling and/or otherwise distributing the System and Products to third parties—including suppliers who Ms. Cutillo knew were selling the System and Products to IHA's competitors—without IHA's written consent in violation of the express terms of the License Agreement.

66.     To be clear, by selling the System and Products without authorization, Ms. Cutillo has interfered with IH's obligations to IHA, and IHA's contractual obligations to the franchisees.

67.     Indeed, by interfering with the License Agreement, Ms. Cutillo has also stripped IHA of its competitive advantage in the marketplace that arose from its status as exclusive user of the System and Products, to the detriment of the IHA franchisees.

68.     Further, Ms. Cutillo usurped corporate opportunities of IHA by selling and/or otherwise distributing the System and Products to third parties, including suppliers, vendors, and *potential* franchisees.

69.     In that way, Ms. Cutillo's conduct also interfered with and continues to interfere with IHA's contracts with current and prospective customers; indeed, she took IHA's business.

70.     Ms. Cutillo did not share any of her profits earned in connection with the side business with IHA.

71.     Further, a number of industry vendors who previously worked with IHA refuse to work with IHA moving forward as a result of Ms. Cutillo's often difficult and demeaning behavior, directly interfering with IHA's contracts, including prospective contracts, with those vendors.

72.     Ms. Cutillo's tortious interference has caused significant damages to IHA.

73.     Additionally, IHA is entitled to recover damages, attorney's fees and costs.  IHA is also entitled to injunctive relief, as monetary damages cannot sufficiently compensate for the harm at issue.

**WHEREFORE,** IHA respectfully requests that this Honorable Court enter judgment in its favor and against Ms. Cutillo for compensatory and punitive damages together with interest, costs and fees incurred in connection with this matter, as well as an injunction and such other relief as this Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT
### (IHA V. IH)

74.     Counterclaim Plaintiff incorporates herein by reference Counterclaim paragraphs 1 - 53 as if set forth in full herein.

75.     IHA entered into the License Agreement with IH on February 19, 2017.

76.     The License Agreement is a valid and enforceable contract.

77.     The License Agreement granted IHA the perpetual, exclusive, royalty-free right "to use the System in order to continue managing and operating a franchise system for the establishment of franchised BeBalanced centers that offer Products and Services, in the manner determined by [IHA]."

78.     Notwithstanding, IHA discovered that IH intentionally breached its contractual duties to IHA by selling and/or otherwise distributing the System and Products to third parties without IHA's consent, in violation of the express terms of the License Agreement.

79.     The License Agreement contained implied covenants of good faith and fair dealing, pursuant to which IH agreed to deal in good faith and fairly with IHA.

80.     Notwithstanding these implied covenants, IH engaged in bad faith by usurping IHA's opportunities, and selling and/or distributing the System and Products in violation of the exclusivity provision set forth in the License Agreement.

81.     IHA has fully performed all of the terms set forth in the License Agreement and IH's performance has not been excused.

82.     As a direct and proximate result of IH's breaches, IHA has been and continues to be substantially harmed.

83.     IHA is entitled to recover damages, attorney's fees and costs pursuant to the License Agreement.   IHA is also entitled to injunctive relief, as monetary damages cannot sufficiently compensate for the harm at issue.

**WHEREFORE,** IHA respectfully requests that this Honorable Court enter judgment in its favor and against IH for compensatory and punitive damages together with interest, costs and reasonable attorney's fees, as permitted by the License Agreement, incurred in connection with this matter, and an injunction and such other relief as this Court may deem just and proper.

## COUNT III
## UNJUST ENRICHMENT
## (IHA v. IH and Ms. Cutillo)

84.     Counterclaim Plaintiff incorporates herein by reference Counterclaim paragraphs 1 - 53 as if set forth in full herein.

85.     As a result of IH's and Ms. Cutillo's wrongful actions described herein, a benefit has been conferred upon them in the form of the Royalty Payments under the License Agreement and other compensation provided to Ms. Cutillo and IH, and they have unlawfully and unfairly appreciated that benefit.

86.     As such, it would be unequitable for Defendants to retain the aforementioned benefits without repayment of value.

**WHEREFORE,** IHA respectfully requests that this Honorable Court enter judgment in its favor and against Counterclaim Defendants for compensatory and punitive damages together with interest, costs and reasonable attorney's fees incurred in connection with this matter, and such other relief as this Court may deem just and proper.

### COUNT IV
### DISSOCIATION PURSUANT TO SECTION 8861(6) OF THE PENNSYLVANIA LIMITED LIABILITY ACT
### (IHA v. IH and Ms. Cutillo)

87.     Counterclaim Plaintiff incorporates herein by reference Counterclaim paragraphs 1 - 53 as if set forth in full herein.

88.     IH and Ms. Cutillo have engaged in wrongful conduct that has affected adversely and materially, and will continue to affect adversely and materially, IHA's activities and affairs.

89.     By selling and/or otherwise distributing the System and Products to third parties, including suppliers who Ms. Cutillo knew or should have known were selling the System and Products to competitors, Ms. Cutillo and IH have adversely and materially affected IHA's activities and affairs.

90.     Ms. Cutillo and IH stripped IHA (and indirectly IHA's franchisees) of its competitive advantage in the marketplace that arose from their status as exclusive providers of the Systems and Products.

91.     Neither Ms. Cutillo nor IH shared any profits earned in connection with their side business.

92.     Further, Ms. Cutillo and IH usurped corporate opportunities of IHA by selling the System and Products to third parties.

93.     In or around January 2021, Ms. Cutillo contacted at least two of IHA's suppliers, requesting that they make essentially the same products to the BeBalanced Products so she could

sell the new products to the BeBalanced franchisees outside of the IHA organization.  Ms. Cutillo's goal was clear – she wanted to cut IHA out for her own personal gain.

94.     By virtue of her role as a Member of IHA, sole Member of IH (and signatory on the Operating Agreement), and owner of a BeBalanced location, Ms. Cutillo knew or should have known the detrimental and materially adverse effect her conduct would have on IHA.

95.     It is no longer reasonably practicable to carry on the activities and affairs of IHA with Ms. Cutillo and IH as members.

96.     Accordingly, Ms. Cutillo and IH should be expelled as a member of IHA pursuant to 15 Pa. C.S.A § 8861(6).

**WHEREFORE,** Counterclaim Plaintiffs, respectfully request that this Honorable Court expel Ms. Cutillo and IH as members of IHA pursuant to 15 Pa. C.S.A §8861(6), and award Counterclaim Plaintiffs fees and costs in connection therewith, and grant such other relief as this Court may deem just and appropriate.

**COUNT V**
**DECLARATION OF COPYRIGHT REGISTRATION INVALIDITY**
**(IHA v. Ms. Cutillo)**

97.     Counterclaim Plaintiff incorporates herein by reference Counterclaim paragraphs 53 - 60 as if set forth in full herein.

98.     Ms. Cutillo has raised in her Amended Complaint a claim that Mr. Cutillo and IHA have infringed the individual materials underlying the Deposit at issue in the '466 Registration.

99.     During the application process, Ms. Cutillo misrepresented to the Copyright Office that she was the sole author and owner of all of the individual materials comprising the Deposit, with the exception of the graphics and one article.

100.    This was a knowingly false statement, intended to fraudulently induce the Copyright Office to issue a registration.  In reality, it was IHA (and its officers, employees, and agents) who had authored, in whole or in part, and therefore owns, in whole or in part, many of the individual materials comprising the Deposit.  IHA never assigned or licensed any of its copyrights to Ms. Cutillo; nor has it granted her the right to register them with the Copyright Office in any form.

101.    As a result of Ms. Cutillo's fraudulent claim of sole ownership of nearly all underlying materials comprising the Deposit (including but not limited to the materials solely owned by IHA), Ms. Cutillo's application matured into the '466 Registration.

102.    The '466 Registration is invalid because Ms. Cutillo is not, in reality, the original creator, author, or owner of many of the materials purportedly covered by the '466 Registration. It is IHA who is the owner and author of many of these materials.

103.    Accordingly, IHA seeks a judgment declaring that the '466 Registration is invalid, and an order directing the Registrar of Copyrights to cancel the '466 Registration.

104.    IHA has no adequate remedy at law.

**WHEREFORE,** Counterclaim Plaintiff IHA respectfully requests that this Honorable Court declare that the '466 Registration is invalid and enter an order directing the Registrar of Copyrights to cancel the '466 Registration, and grant such other relief as this Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IHA hereby requests a trial by jury of any issues so triable.

Respectfully submitted,

Dated: December 17, 2021

By: */s/ Donna A. Tobin*

Donna A. Tobin, Esq.*
**ROYER COOPER COHEN BRAUNFELD LLC**
1120 Avenue of the Americas, 4th Floor
New York, NY 10036-6700
Telephone: 212-004-0454
Fax: 484-362-2630
dtobin@rccblaw.com

Barry L. Cohen, Esquire
Sean S. Litz, Esquire
Julie Latsko, Esquire
Sarah Kleinman, Esquire
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
Tel: 215-839-1000
Fax: 484-362-2630
bcohen@rccblaw.com
slitz@rccblaw.com
jlatsko@rccblaw.com
Skleinman@rccblaw.com

*Attorneys for David Cutillo and Infinity Health Advisors LLC*

*Admitted Pro Hac Vice