**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAWN CUTILLO, et al.,<br>Plaintiffs,<br><br>v.<br><br>DAVID CUTILLO, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:21-cv-02787-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **February 13, 2023**

Plaintiffs Dawn Cutillo and Infinity Health, LLC ("IH") have alleged federal and state law claims against David Cutillo, Infinity Health Advisors LLC, ("IHA"), and intervenor IHA Distribution, LLC ("IHAD"). Plaintiffs' claims arise out of a dispute with Defendant Mr. Cutillo, Ms. Cutillo's older brother, regarding their joint commercialization and franchising of the natural hormone balancing methodologies Ms. Cutillo developed. In this latest entry of the parties' ongoing discovery saga, Plaintiffs have moved to compel responses to several requests for production.

## I. BACKGROUND

On December 13, 2022, Plaintiffs filed and served a Motion to Compel demanding production of their Document Requests 1, 2, 3, 6, 7-10, 12-13, 16-17, 22-24, 26, 31, 33, and 36-42. *See* ECF No. 103. Plaintiffs filed their motion in response to Defendants' objections to production that were served on October 3, 2022 and November 4, 2022. *See id.* On January 17, 2023, the Court held a teleconference with the parties to discuss the matter. Following the teleconference, the Court denied Plaintiffs' motion for failure to adhere to the

Court's Policies and Procedures and instructed the parties to meet and confer to resolve their discovery dispute. *See* ECF No. 113. The parties were granted leave to re-file a Motion to Compel if these efforts were not successful. *Id.* While it appears the parties did meet and confer and in fact resolved some of these issues, Plaintiffs filed another Motion to Compel on January 25, 2023. *See* ECF No. 115. Plaintiffs claim Defendants have improperly objected to Document Requests 1, 2, 4, 7, 8, 9, 10, 16, 17, 27 and 28, as well as Interrogatory 6. Defendants' objections to these requests range from relevance to attorney-client privilege, and they maintain that Plaintiffs are not entitled to documents that should already be in their possession. *See* ECF No. 116.

## II. DISCUSSION

### a. Standard

Under FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R. Civ. P. 26(b)(1). Evidence is relevant in discovery if it "[encompasses] any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). As a result, discovery rules are to be considered broadly and liberally. *See id.*

In a discovery dispute, the "party seeking discovery has the burden of showing the information sought is relevant to the subject matter of the action, while the party resisting discovery

has the burden of clearly explaining its objections and providing the support thereto." *Supermedia LLC v. Morley*, Nos. 13-176, 12-2329, 2013 WL 12249489 at *2 (E.D. Pa. Sept. 5, 2013) (citations omitted). Once the initial burden has been met, "the party opposing discovery must convince the court why discovery should not be had." *Harcum v. LeBlanc*, 268 F.R.D. 207, 210 (E.D. Pa. 2010). When considering a discovery dispute, "[it is] proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Oppenheimer Fund, Inc.*, 437 U.S. at 352 (citations omitted).

b. **Document Requests 1, 2 and 4**

As to document requests 1, 2, and 4, Plaintiffs seek IHA's general ledger for the time period of January 1, 2014 to the present, all statements for any credit cards in the name of IHA dated December 1, 2017 to the present, and documents to show any capital contributions made to IHA by Mr. Cutillo, respectively. Plaintiffs argue that these documents are relevant to show that Mr. Cutillo failed to make the agreed upon capital contribution and that the company has been mismanaged. Plaintiffs also contend that this information is relevant to their Claim for an Accounting. With respect to time period of the requests, January 1, 2014 to present, Plaintiffs claim that Ms. Cutillo became aware of Mr. Cutillo's alleged failure to make the agreed upon capital contribution shortly after filing the complaint in this matter, and the discovery rule thus permits tolling of the six-year statute of limitations for the Accounting Claim. However, Plaintiffs do not cite any authority to support their tolling argument.

Defendants argue that these documents are relevant only to the Fraudulent Inducement

claim that has already been dismissed.[1] In the interest of furthering discovery in this matter, Defendants have agreed to produce all responsive documents regarding these requests from December 2017 through September 2022. The Court is going to deny Plaintiffs' motion at this time, and direct Defendants to provide the responsive documents from December 2017 through September 2022 as agreed.

c. **Document Requests 7-10**

Plaintiffs seek all communications between Mr. Cutillo and Ms. Cutillo regarding the negotiation of the terms of the License Agreement, all drafts of the License Agreement, all communications between Mr. Cutillo and Ms. Cutillo regarding the negotiation of terms of the Operating Agreement, and all drafts of the Operating Agreement. Plaintiffs contend that these documents are relevant to the parties' dispute over the interpretation and operation of these agreements. Defendants have objected to these requests, arguing that Plaintiffs have equal access to the documents being sought. *See Bostwick v. Shoop*, No. 1:09-CV-2212, 2010 WL 4536977, at *9 (M.D. Pa. Nov. 3, 2010).

In *Bostwick*, the Court considered a Motion to Compel in a 42 U.S.C. § 1983 action involving a prisoner proceeding pro se. *Id.* at *1. There, the plaintiff sought information regarding the owner of a property. Defendant objected to the request, stating that the information was equally available to both parties, as it was contained in the police report previously provided to plaintiff. The Court found that the defendant's response was sufficient. We find *Bostwick* Court's decision persuasive and applicable to this dispute. The parties have equal access to the documents Plaintiffs seek, and as such the Court finds Defendants' response to this request sufficient. Plaintiffs claim

---

[1] On June 22, 2022, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint was granted in part and denied in part. ECF Nos. 75-76. Plaintiffs' claims of Copyright Infringement (Count 1) and Fraudulent Inducement (Count 6) were dismissed. *Id.*

that the parties are unlikely to have the same documents given the passage of time. But Plaintiffs have not identified the relevant documents in their possession or any documents they suspect are missing, nor do they identify any efforts made to secure these documents. Plaintiffs' motion as to Document Requests 7-10 is therefore denied at this time.

d. **Document Request 14**

Plaintiffs seek all communications from Mr. Cutillo to IHA franchisees spanning from September 1, 2020 to the present that concern Ms. Cutillo. Plaintiffs claim that these communications are relevant to show that Mr. Cutillo disparaged Ms. Cutillo by telling franchisees that Ms. Cutillo was no longer interested in the business. Plaintiff also claims that these communications are relevant to Defendants' counterclaims. Defendants contend that these communications are not relevant to any of the remaining claims or defenses at issue.

As the party seeking discovery, Plaintiffs have the initial burden of demonstrating the relevance of these communications. *See Supermedia LLC*, Nos. 13-176, 12-2329, 2013 WL 12249489 at *2. Plaintiffs claim these messages are relevant to this action based on their allegation in the Second Amended Complaint that Mr. Cutillo was "[verbally[ abusive toward Ms. Cutillo and [slandered] Ms. Cutillo by making false and disparaging comments about Ms. Cutillo to franchisees, IHA employees and vendors." Second Amended Complaint, ECF 67 ("SAC") at ¶26(l). Plaintiffs fail, however, to show how these messages are relevant to any of the specific remaining claims in the Second Amended Complaint. While the scope of discovery is broad and parties are to be given wide latitude, a party seeking discovery still has the initial burden of establishing the relevance of the contested items. *See Oppenheimer Fund, Inc.*, 437 U.S. at 351. Plaintiffs have failed to meet their burden with respect to this request. Plaintiffs' motion as to Request 14 is therefore denied.

e. **<u>Document Requests 16 and 17, and Interrogatory 6</u>**

Plaintiffs seek the engagement letter between IHA and "the Law Firm," and all communications between IHA and the Law Firm from the start of the Law Firm's Representation of IHA through May 27, 2021. It should be noted that the Law Firm referenced in these requests is the law firm currently representing Defendants. Plaintiffs claim they are entitled to these materials because the firm was retained by Mr. Cutillo using company funds, at Ms. Cutillo's expense, without her knowledge or consent. Plaintiffs claim that the retention of the law firm is further evidence of their breach of fiduciary duty claim. As to Request 17 and Interrogatory 6, Defendants have amended their response to reflect that no such records exist, as the Law Firm was not retained by IHA until June 2021. Therefore, the only remaining objection is to Request 16, the Engagement Letter between Defendants and the Law Firm. Defendants argue that this letter is protected by the attorney-client privilege and work-product doctrine. Additionally, Defendants claim that Plaintiffs have failed to demonstrate relevance.

We need not address the relevance of the Engagement Letter because the central issue here is Defendants' assertion of attorney-client privilege. From their motion, it appears that Plaintiffs seek production of the letter under the theory that the letter was created before any litigation had commenced. In their motion response, Defendants state that they were retained by Defendant IHA to provide counsel following a cease-and-desist letter that was sent by Ms. Cutillo to IHA and Mr. Cutillo on May 28, 2021. Based on this representation, the law firm did not represent Defendants until after Ms. Cutillo had sent her cease-and-desist letter.

Attorney client privilege can be asserted by a natural person or a corporation. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). With respect to a corporation, "the power to waive the corporate attorney-client privilege rests with the corporation's

management and is normally exercised by its officers and directors." *Id.* "Displaced managers" cannot waive the privilege over the objection of current managers, "even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties." *Id.* Ms. Cutillo, while perhaps not a "displaced manager," does not have the power to waive this privilege. This is especially true when the law firm was engaged to provide counsel following Ms. Cutillo's cease and desist letter. It seems antithetical that Plaintiffs would initiate this litigation and then have the power to obtain documents that fit squarely under the umbrella of the representation of Defendants. Plaintiffs' motion as to Document Request 16 is denied. The requests for Document 17 and Interrogatory 6 are denied as moot in light of Defendants' updated responses.

f. **<u>Document Requests 27-28</u>**

Plaintiffs seek all versions of instructional materials IHA provided to its franchisees during 2021 and 2022, and all promotional videos that IHA disseminated to its franchisees during 2021 and 2022. Plaintiffs contend that these materials and videos are relevant as to her claim seeking termination of the Licensing Agreement. Defendants claim that these materials are only relevant to Plaintiffs' Copyright Infringement claim, which has already been dismissed.

In Count Seven of the Second Amended Complaint, Plaintiffs allege that IHA breached its contract by disseminating unauthorized versions of the BeBalanced methodology. SAC at ¶ 68. Upon this general reading of the complaint, and construing the discovery rules broadly, the Court finds that Plaintiffs have met their burden as to the relevance of these materials and videos. Plaintiffs' motion with respect to Requests 27-28 is granted. Defendants shall provide the requested materials to Plaintiffs, to the extent the materials are in their possession.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied in part and granted in part. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge